# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS H. NYGAARD,<br><br>                       Plaintiff,<br>   vs.<br>DEPARTMENT OF THE NAVY,<br>NAVAL MEDICAL CENTER,<br><br>                       Defendant. | CASE NO. 08cv2323 WQH (AJB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss (Doc. # 6).

## **Background**

On or about October 15, 2008, Plaintiff filed the "First Amended Complaint for Breach of Patient's Right to be Informed before Consent - Professional Negligence" ("Complaint") in the Superior Court of California, County of San Diego (Doc. # 1, p. 9). The Complaint alleges that on March 8, 2007 through March 10, 2007, medical procedures were performed on Plaintiff at the Naval Medical Center in San Diego, CA. The Complaint alleges that Plaintiff was considered a civilian and not a veteran with respect to the medical procedures, resulting in a $10,650.46 charge to Plaintiff. The Complaint alleges that the medical procedures were performed without Plaintiff's informed consent, and that if proper disclosure was given to Plaintiff, he would have undergone the medical procedures at the VA Hospital in La Jolla, CA instead of the Naval Medical Center. The Complaint seeks discharge of the outstanding debt on grounds of professional negligence and breach of Plaintiff's right to make

1  an informed consent about medical treatment. On December 15, 2008, Defendant Department
2  of the Navy, Navy Medical Center removed the Complaint to this Court, pursuant 28 U.S.C.
3  section 1442(a)(1).

4  On February 12, 2009, Defendant filed the Motion to Dismiss. Defendant contends that
5  prior to filing this civil action, Plaintiff did not submit an administrative claim to the
6  Department of the Navy. In support of this contention, Defendant submitted the Declaration
7  of Patricia A. Leonard, the Director of the Claims and Tort Litigation Division, Office of the
8  Judge Advocate General, Department of the Navy. Leonard attests that she is responsible for
9  the supervision and monitoring of the practices and procedures relative to all administrative
10 claims presented to the Department of the Navy arising under the Federal Tort Claims Act
11 ("FTCA"), 28 U.S.C. 28 U.S.C. §§ 1346(b), 2401(b) and 2671-2680. Leonard attests that "all
12 reasonable searches have failed to reveal that plaintiff, Thomas H. Nygaard, has filed such an
13 administrative claim and, to the best of my knowledge and belief, the plaintiff, Thomas H.
14 Nygaard, has not filed an administrative claim with or against the Department of the Navy
15 based on the subject matter of this action." *Leonard Decl.,* p. 2. Defendant states:

> Prior to filing his negligence action in court against the Navy, regarding the medical care he received between March 8-10 2007, Plaintiff was required to present an administrative claim to the Navy. His failure to exhaust this remedy divests this Court of subject matter jurisdiction to hear this case. As the result, Defendant respectfully requests that this case be dismissed.

*Mot. to Dismiss,* p. 6.

Plaintiff has not filed any opposition to the Motion to Dismiss.

### **Applicable Law**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Medical Colleges v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, the court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction without converting the motion to dismiss into a motion for summary judgment. *Safe Air For Everyone*

1 *v. Doyle,* 373 F.3d 1035, 1039 (9th Cir. 2004).

2 The United States, as a sovereign, is immune from suit. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). A federal district court only has subject matter jurisdiction over a suit against the United States when sovereign immunity has been waived. *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 435 (1989). "It is axiomatic that Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States." *Roberts v. United States,* 498 F.2d 520, 525 (9th Cir. 1974). A waiver of sovereign immunity as contained in any statute "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena,* 518 U.S. 187, 192 (1996).

The FTCA "is the exclusive remedy for tort actions against a federal agency." *Kennedy v. U.S. Postal Service,* 145 F.3d 1077, 1078 (9th Cir. 1998). Pursuant to the FTCA, a jurisdictional prerequisite to bringing a lawsuit in federal court against the United States in tort is the filing of an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a); *Jerves v. U.S.,* 966 F.2d 517, 518-19 (9th Cir. 1992). Thus, "'[t]he statutory procedure is clear.' A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves,* 966 F.2d at 519. A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. *McNeil v. U.S.,* 508 U.S. 106, 113 (1993).

### **Ruling of the Court**

It is Plaintiff's burden to establish subject matter jurisdiction, and Plaintiff has failed to allege or submit any evidence to demonstrate that he presented an administrative claim to the Department of the Navy prior to filing the Complaint. The Court concludes that Plaintiff has failed to establish that he exhausted his administrative remedies prior to initiating this lawsuit, which is a jurisdictional prerequisite to maintaining a civil action under the FTCA. The Court concludes that it lacks subject matter jurisdiction on grounds that Plaintiff failed to exhaust his administrative remedies. The Court grants the Motion to Dismiss.

1   IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 6) is **GRANTED.** The
2  above-captioned action is **DISMISSED.**
3  DATED: March 25, 2009

**WILLIAM Q. HAYES**
United States District Judge